# Exhibit D

**STATE OF NEW YORK**
**DEPARTMENT OF HEALTH**

|  |  |
|---|---|
| In the matter of **Mary T. Bassett, M.D., M.P.H.**, as Commissioner of the New York State Department of Health, to determine the action to be taken with respect to **Dygert Road School, Twin Mountain School**, and **Shady Lane School** <br> Respondents, <br><br> arising out of alleged violations of Article 21 of the Public Health Law and Title 10 (Health) of the Official Compilation of Codes, Rules and Regulations of the State of New York (NYCRR). | **Report and Recommendation** |

To:                        The Honorable Mary T. Bassett, M.D., M.P.H.
                           Commissioner of Health, State of New York

Hearing before:        Natalie Bordeaux
                           Administrative Law Judge

Held at:                   Montgomery County Annex Building, Room 214
                           20 Park Street
                           Fonda, New York 12068

Hearing date:          May 2, 2022

Parties:                    New York State Department of Health
                           Corning Tower, Room 2412
                           Empire State Plaza
                           Albany, New York 12237-0029
                           By:      Vanessa Murphy, Esq.

                           Dygert Road School
                           Twin Mountain School
                           Shady Lane School
                           By:      Ezra Wengerd
                                    139 H. Jones Road
                                    Canajoharie, New York 13317

Dygert Road School, Twin Mountain School, and
Shady Lane School

## JURISDICTION

By notices of hearing and statements of charges dated March 7, 2022, the New

York State Department of Health (the Department) advised Dygert Road School, Twin

Mountain School[1], and Shady Lane School (the Respondents) that hearings would be

held pursuant to Public Health Law (PHL) § 12-a on charges that they admitted students,

and continued to allow such students to attend their schools for more than fourteen days

without documentation that the students were immunized against the diseases delineated

in PHL § 2164 or medically exempt from the immunization requirements.  These

hearings were consolidated at the request of the Respondents' representative.

The Department seeks to impose a monetary penalty on each Respondent

pursuant to PHL § 12.  This enforcement process requires a hearing to be held in

accordance with procedures set forth at PHL § 12-a and 10 NYCRR Part 51.  The

Department has the burden of proof.  10 NYCRR § 51.11(d)(6).

## HEARING RECORD

Department witnesses:      James Brewster, Public Health Field Services
                           Representative, Bureau of Immunization
                           Barbara Joyce, Regional Coordinator, Bureau of
                           Immunization

Department exhibits:       1-12

Respondent exhibits:       A

A digital recording of the hearing was made.  (2:14:42 in duration.)

---

[1] Twin Mountain School is incorrectly referenced in the Department's records as "Pleasant View School." (Recording @ 12:56.)

Dygert Road School, Twin Mountain School, and
Shady Lane School

## SUMMARY OF FACTS

1.      The Respondents are schools as defined in PHL § 2164(1)(a) and 10

NYCRR § 66-1.1(a), operated by members of the Old Order Amish and Mennonite

Community Churches who have no access to the internet or other technologies, other than

limited telephone use.  (Recording @ 1:29:58; Exhibit 12.)

### Dygert Road School

2.      By notice dated November 9, 2021, the Department advised Dygert Road

School's principal of record by mail at his home address (Recording @ 32:40), that an

audit of the school's immunization records would be conducted on November 23, 2021 at

11:00 am at the school to determine its compliance with PHL § 2164.  The school was

advised to have the following information prepared for the audit:

- A list of all students that includes the grade in which they are enrolled.
- A list of susceptible students who may require exclusion in the event of a disease outbreak (also specified in PHL Section 2164).
- The immunization records for all susceptible students.
- A copy of the school's policies and procedures regarding compliance with PHL Section 2164.  [Exhibit 4.]

3.      On November 23, 2021, Public Health Field Services Representative

James Brewster arrived at Dygert Road School and audited students' immunization

records.  He was given twenty-six immunization cards that contained student names but

were otherwise blank.  Mr. Brewster did not request the school's policies and procedures

regarding compliance with PHL § 2164 and did not request information pertaining to

susceptible students, including those with medical exemptions.  (Recording @ 34:35;

Exhibit 7.)

3

Dygert Road School, Twin Mountain School, and
Shady Lane School

    4.      The Department mailed a notice dated December 13, 2021 to Dygert Road School's principal of record at his home address, advising him that the immunization records of twenty-six students were reviewed at the school and found to be out of compliance with school attendance immunization requirements. The Department ordered Dygert Road School to immediately exclude students identified by the Department in an "attached list" until or unless they had evidence of compliance with immunization requirements. The Respondent was also required to submit the following information to the Department via email: (1) a summary of students and their compliance with immunization requirements within seven calendar days; (2) a written corrective action plan for continued review of all student immunization records within fourteen calendar days; and (3) a current list of excluded students with a completed, signed and notarized affirmation within thirty calendar days. (Exhibit 9.)

**Shady Lane School**

    5.      By notice dated November 8, 2021, the Department advised the principal of Shady Lane School by mail at his home address, that an audit would be conducted on November 23, 2021 at 1:00 pm at the school to review the school's immunization records and determine compliance with PHL § 2164. Shady Lane School was advised to have the following information prepared for the audit:

- A list of all students that includes the grade in which they are enrolled.
- A list of susceptible students who may require exclusion in the event of a disease outbreak (also specified in PHL Section 2164).
- The immunization records for all of the susceptible students.
- A copy of the school's policies and procedures regarding compliance with PHL Section 2164. [Exhibit 5.]

Dygert Road School, Twin Mountain School, and
Shady Lane School

6.    On November 23, 2021, Mr. Brewster arrived at Shady Lane School and

attempted to audit the school's compliance with immunization requirements but was not

provided with any documentation by the adult on the premises.  (Recording @ 58:40.)

7.    The Department mailed a notice dated December 13, 2021 to Shady Lane

School's principal at his home address to inform him that the school was required to

exclude all students from school until or unless they had evidence of compliance with

immunization requirements.  The Respondent was also required to submit the following

information to the Department via email: (1) a summary of students and their compliance

with immunization requirements within seven calendar days; (2) a written corrective

action plan for continued review of all student immunization records within fourteen

calendar days; and (3) a current list of excluded students with a completed, signed and

notarized affirmation within thirty calendar days.  (Exhibit 10.)

**Twin Mountain School ("Pleasant View School" per Department records)**

8.    By notice dated November 8, 2021, the Department advised Beneal Fisher

by mail at his home address, that an audit would be conducted on November 23, 2021 at

9:00 am at "Pleasant View" School to determine its compliance with PHL § 2164.  The

school was advised to have the following information prepared for the audit:

- A list of all students that includes the grade in which they are enrolled.
- A list of susceptible students who may require exclusion in the event of a disease outbreak (also specified in PHL Section 2164).
- The immunization records for all of the susceptible students.
- A copy of the school's policies and procedures regarding compliance with PHL Section 2164.  [Exhibit 6.]

5

Dygert Road School, Twin Mountain School, and
Shady Lane School

9.      The school's name was not correct, and Mr. Fisher was no longer
affiliated with "Pleasant View," "Twin Mountain," or any other school.  (Recording @
14:45, 18:56.)

10.     On November 23, 2021, Mr. Brewster arrived at Twin Mountain School
and reviewed students' immunization documentation provided by a teacher.  He found
one student to be fully compliant with immunization requirements, and several other
students in the process of receiving required immunizations.  He did not request the
school's policies and procedures regarding compliance with PHL § 2164 and did not
request information pertaining to all susceptible students, including those with medical
exemptions.  (Recording @ 1:08:40.)

11.     The Department mailed a December 13, 2021 letter to Beneal Fisher at his
home address to advise him that twenty-four students at "Pleasant View" School
identified in an "attached list" were out of compliance with school attendance
immunization requirements.  The notice required the school to submit the following
information to the Department via email: (1) a summary of students and their compliance
with immunization requirements within seven calendar days; (2) a written corrective
action plan for continued review of all student immunization records within fourteen
calendar days; and (3) a current list of excluded students with a completed, signed and
notarized affirmation within thirty calendar days.  (Exhibit 11.)

12.     The Department did not send the December 13 correspondence to the
current school principal or other responsible party before serving the March 7, 2022
notice of hearing and statement of charges.  (Recording @ 1:30:51, 1:46:46.)

Dygert Road School, Twin Mountain School, and
Shady Lane School

## ISSUES

Did the Respondents violate school attendance immunization requirements?

If so, what penalties should be imposed?

## APPLICABLE LAW

Every person in parental relation to a child in the State of New York shall have
administered to such child an adequate dose or doses of an immunizing agent against
poliomyelitis, mumps, measles, diphtheria, rubella, varicella, Haemophilus influenzae
type b (Hib), pertussis, tetanus, pneumococcal disease, and hepatitis B which meets the
standards approved by the United States public health service for such biological
products, and which is approved by the Department under such conditions as may be
specified by the public health council.  PHL § 2164(2)(a).

A principal or person in charge of a school shall not admit a child to school unless
a person in parental relation to the child has furnished the school with one of the
following: (a) a certificate of immunization documenting that the child has been fully
immunized according to the requirements of 10 NYCRR § 66-1.1(f); (b) documentation
that the child is in process of receiving immunizations; or (c) a signed, completed
medical exemption form approved by the Department from a physician licensed to
practice medicine in New York State certifying that immunization may be detrimental to
the child's health, containing sufficient information to identify a medical contraindication
to a specific immunization and specifying the length of time the immunization is
medically contraindicated.  The medical exemption must be reissued annually.  PHL §
2164(7)(a); 10 NYCRR § 66-1.3.  Effective June 13, 2019, there is no longer a religious
exemption to the requirement that children be vaccinated against the measles and other

Dygert Road School, Twin Mountain School, and
Shady Lane School

diseases to attend either public, private or parochial school (for students in pre-

kindergarten through 12th grade), or child day care settings.

A principal or person in charge of a school shall not permit a child to continue to

attend such a school for more than fourteen days unless a person in parental relation to

the child has furnished the school with one of the documents specified in 10 NYCRR §

66-1.3. The fourteen day attendance limit may be extended to not more than thirty days

where the student is transferring from out of state or from another country and can show a

good faith effort to get the necessary evidence or where the parent, guardian or any other

person in parental relationship can demonstrate that a child has received the first age-

appropriate dose in each immunization series and that they have age-appropriate

scheduled appointments for follow-up doses to complete the immunization series in

accordance with the Center for Disease Control (CDC)'s Advisory Committee on

Immunization Practices Recommended Immunization Schedules for Persons Aged 0

through 18. School Vaccine Requirements FAQ [Frequently Asked Questions] issued

August 2019, New York State Department of Health, available at:

https://www.health.ny.gov/prevention/immunization/schools/school_vaccines/docs/2019-

08_vaccination_requirements_faq.pdf.

For the diseases listed in PHL § 2164, in the event of an outbreak of a vaccine-

preventable disease in a school, the commissioner may order school officials to exclude

from attendance all students who have either been medically exempted from

immunization pursuant to 10 NYCRR § 66-1.3(c) or are in the process of receiving

required immunizations (susceptible students). 10 NYCRR § 66-1.10(a). Schools must

maintain a list of susceptible students who should be excluded from attendance in the

Dygert Road School, Twin Mountain School, and
Shady Lane School

event of an outbreak of vaccine preventable disease. The list must include all students

who have been excused from immunization under 10 NYCRR § 66-1.3(c) and students

who are in the process of completing immunization series or awaiting the results of

serologic testing for any vaccine preventable disease specified under 10 NYCRR § 66-

1.3(b). 10 NYCRR § 66-1.10(c).

## **DISCUSSION**

The Department's sole charge against each of the three named Respondents is:

> Admitting and continuing to allow students to attend school more than fourteen
> days without immunization documentation. PHL § 2164(7)(a), 10 NYCRR § 66-
> 1.3 and § 66-1.4.

The Respondents acknowledged that not all students attending the schools were

vaccinated. They explained that the current school immunization requirements violate

their deeply held religious beliefs. (Recording @ 1:52:45, 2:07:31.)

The Respondents contended that they are home schools operating on private

property and therefore should not be subject to New York State immunization

requirements. (Recording @ 1:55:10.) Their claim is not consistent with applicable law

and Department policy. The Department has determined that group instruction organized

by parents and provided by a tutor for a majority of the instructional program constitutes

the operation of a nonpublic school and is not home instruction. As such, students

attending these programs must abide by immunization requirements. *See* School Vaccine

Requirements FAQ issued August 2019, New York State Department of Health.

The Respondents also argued that their schools should be exempt from student

immunization requirements because they do not receive funding from the State of New

York. (Recording @ 1:54:34.) Here too, the Department has determined that a school's

Dygert Road School, Twin Mountain School, and
Shady Lane School

receipt or non-receipt of State funding is irrelevant with respect to its stated concern for

increasing immunization rates amongst children. School Vaccine Requirements FAQ

issued June 18, 2019, New York State Department of Health, available at:

https://www.p12.nysed.gov/sss/documents/nonmedical%20vaccine%20exemption%20F

AQ%200618%20final.pdf.

In light of the Respondents' acknowledgements that they did not comply with

immunization requirements, the stated charge (Charge 1) against each Respondent school

should be sustained.

**Civil penalty determination.**

Any person who violates, disobeys or disregards any regulation for which a civil

penalty is not otherwise expressly prescribed by law shall be liable for a civil penalty not

to exceed two thousand dollars for every such violation. PHL § 12. The Department

seeks the maximum civil penalty of $2,000 for each student that it has determined did not

comply with immunization requirements.

Specifically, the Department seeks a $52,000 civil penalty against Dygert Road

School, representing the $2,000 maximum civil penalty for twenty-six students whose

immunization cards Mr. Brewster was given during his November 23, 2021 visit.

(Recording @ 1:59:30.) The Department seeks a $46,000 civil penalty against Twin

Mountain School because Mr. Brewster determined that twenty-three students at that

school were not properly immunized. Although his December 13, 2021 post-audit letter

asserts that twenty-four students were deemed out of compliance with immunization

requirements (Exhibit 11), Mr. Brewster subsequently revised his determination

Dygert Road School, Twin Mountain School, and
Shady Lane School

downward to exclude one child who was too young to attend school (Recording @
1:59:45.)

The Department seeks the imposition of a $20,000 civil penalty against Shady
Lane School on the tenuous grounds that it was more probable than not that at least one
student in attendance violated immunization requirements and would have attended the
school for more than ten days, with each day of attendance constituting a separate
violation. (Recording @ 2:00:29.) Since schools are permitted to allow a student who
has not satisfied immunization requirements to attend school for fourteen days before
even a potential violation occurs, the stated basis for the Department's computation is
legally incorrect, in addition to being unsupported by the evidence.

The Department's recommendation is intended to serve as a deterrent to future
violations. (Recording @ 2:02:00.) However, for the reasons set forth below, it is
recommended that no penalty be imposed against the Respondents.

Changes in school immunization requirements took effect on June 13, 2019. The
Department's guidance regarding these changes states that "[a] joint notification by the
NYS Department of Health, State Education Department, and Office of Children and
Family Services was distributed to schools and child day care settings beginning on June
15, 2019," to apprise these entities that they were not allowed to admit students who were
not immunized for religious reasons. School Vaccine Requirements FAQ issued June 18,
2019, New York State Department of Health. This guidance, however, was only made
available online and thus inaccessible to the Respondents. (Recording @ 26:30.)

This hearing record contains no information regarding if or when the Respondents
and/or members of the Amish and Mennonite communities were advised that they were

11

Dygert Road School, Twin Mountain School, and
Shady Lane School

no longer able to avail themselves of religious exemptions from immunization

requirements. (Recording @ 25:33, 1:27:26.)  Mr. Brewster, the Department's witness,

recalled that Eli Mast, the principal of Dygert Road School, called him after receiving the

December 13 post-audit letter, and expressed confusion regarding students' inability to be

exempt from immunization requirements on religious grounds. (Recording @ 55:01.)

Mr. Brewster also recalled auditing Respondent Shady Lane School in or around June

2019, just around the time when school immunization requirements changed, but was

unable to say whether that school was notified of the changes. (Recording @ 1:27:26.)

Barbara Joyce, Regional Coordinator for the Department's Bureau of

Immunization, was also unable to confirm how or that the Respondents were made aware

of the change.  She explained that the Montgomery County Department of Health works

closely with the Amish and Mennonite communities but she did not know if that local

department of health notified the Respondents about applicable law changes. (Recording

@ 1:45:55.)  Ezra Wengerd, the Respondents' representative, explained that he read

about the law change in a newspaper and "heard people talking about it," but he also

could not confirm whether the Amish and Mennonite communities received notification

from either the State or local county departments of health. (Recording @ 2:07:02.)

The Department's notifications regarding and conduct of the audit process and its

ultimate determinations are inconsistent.  The Department's November 8 and 9, 2021

audit notices advised individuals identified by the Montgomery County Department of

Health as the principals of the three Respondent schools (Recording @ 32:40, 58:01), that

audits would be conducted of certain records regarding students' immunization.  The

schools were specifically advised to provide lists of enrolled students, lists of susceptible

Dygert Road School, Twin Mountain School, and
Shady Lane School

students who may require exclusion in the event of a disease outbreak, immunization

records for all susceptible students, and the schools' policies and procedures regarding

compliance with PHL § 2164. (Exhibits 4-6.) Nevertheless, when the audits were

conducted by Public Health Field Services Representative James Brewster on November

23, 2021, he only sought information regarding students' actual receipt of vaccinations

and did not request the information specified in the pre-audit letters. (Recording @

59:35, 1:32:27, 1:34:52.)

After the audits were conducted, the Department sent its December 13, 2021

letters informing the Respondents of the audit findings. The December 13 letters advised

that the schools failed to provide lists of susceptible students required to be excluded

from school in the event of a disease outbreak and did not have policies and procedures

regarding compliance with school attendance immunization requirements. (Exhibits 9-

11.) However, that information was not requested during the audits. (Exhibits 7, 8.)

The December 13 letters to Dygert Road School and Pleasant View (Twin

Mountain) School also stated that "[b]ased on the information available as part of this

audit, the attached list indicates which students are not in compliance with school

attendance immunization requirements." (Exhibits 9, 11.) Mr. Brewster, who prepared

and sent these letters to the Respondent's principals, stated that he had attached lists of

students who did not meet immunization requirements to the letters. (Recording @

1:29:22.) The letters offered and moved into evidence did not include lists of students

nor did the Department produce any such lists. (Exhibits 9, 11; Recording @ 1:29:58.)

All three December 13, 2021 letters required the Respondents to email the

Department their compliance information, corrective action plans, and current lists of

Dygert Road School, Twin Mountain School, and
Shady Lane School

excluded students. (Exhibits 9-11.) Mr. Brewster, who acknowledged his awareness that

the Respondent schools were operated by members of the Amish and Mennonite

communities and therefore do not utilize the internet, conceded that he did not know how

the Respondents would be able to access email to comply with the Department's

requirements. (Recording @ 1:29:58.)

The Department accurately points out that notice is not required before or after an

audit. (Recording @ 1:49:49, 2:04:53.) However, when determining a penalty, it is

appropriate to consider the adequacy of the notice provided and how such notice might

reasonably impact actions taken in response. It is also reasonable to consider the

deficiencies in the Department's communications with the Respondents and in its

evidence offered at the hearing to support the requested penalties. Key information was

omitted from the notices, from the Department's directives with respect to the ensuing

enforcement actions, and this hearing record.

The Department failed to offer reasonable accommodation for the Respondents'

distinct religious and cultural differences throughout the audit process. Based upon the

information offered at this hearing, the Respondents were likely not apprised of legal

changes to school immunization requirements. Reading the pre-audit letters would also

not have aided their preparation for the November 23 audits. Nor were they able to

address issues raised during the audits before this hearing due to being required to do so

by email submissions.

While the Department's direct examination of Mr. Brewster suggested that the

Respondents made no attempt to resolve the issues raised in the audits (Recording @

56:00, 1:04:30, 1:26:30), that characterization is inappropriate as it presupposes that the

Dygert Road School, Twin Mountain School, and
Shady Lane School

Respondents were afforded a full and fair opportunity to address these matters before this

hearing. Although the mailing affidavits for the hearing notices and statements of

charges attest to having enclosed a proposed stipulation and order, no stipulation and

order was included in the notices that the Department presented at this hearing. (Exhibits

1-3.) It is therefore unclear whether the Respondents were given a proper opportunity to

settle those charges by stipulation.

Ben Fisher, who was identified as the principal of "Pleasant View School,"

phoned Mr. Brewster and left a voicemail message to inform him that he was no longer

affiliated with the school. The voicemail offered and moved into evidence contained

neither a date nor a time stamp (Exhibit 12), markers routinely included with voicemail

messages, and Mr. Brewster was unable to provide a date (Recording @ 1:25:15.) There

is no evidence that the Department made any attempt after receiving that notification to

discuss the audit findings with the person responsible for the affairs of the school.

(Recording @ 1:30:51, 1:46:46.) Instead, the Department simply issued a statement of

charges and a hearing notice.

Largely as a result of the Department's communication failures, the Respondents

had little opportunity to resolve this matter with the Department. These small schools are

instead now confronted with an unreasonable and vaguely justified demand, which is

little more than an estimate on the Department's part of the number of violations that may

have occurred, for $118,000 in civil penalties.

The information provided through the Department's evidence and witness

testimony does not justify as reasonable the penalties the Department seeks to impose.

Factors that should be considered include:

Dygert Road School, Twin Mountain School, and
Shady Lane School

- The charges have only been established because the Respondents were forthcoming and candid in their admission that they were dealing with a situation in which members of their community vehemently objected to the required immunizations.

- There is cause to question the reasonableness of the Department's communication with the Respondents, beginning with whether or when the Amish and Mennonite communities were informed that religious exemptions no longer applied to school immunization requirements and that school age children could not continue attending school without immunizations, proof of natural immunity (when applicable), or documented medical exemptions.

- Even when presented with information showing that certain students had begun obtaining immunizations (Exhibit 8), the Department did not consider those students as having vaccinations in progress and request information regarding those students' follow-up appointments for remaining doses. 10 NYCRR § 66-1.3(b); School Vaccine Requirements FAQ issued June 18, 2019. Instead, those students were simply deemed not compliant with requirements. (Exhibits 3, 8.)

- Despite explicit instructions regarding students deemed susceptible in the event of a disease outbreak in pre-audit letters and in applicable law (those medically exempted and those whose vaccinations are still in progress), the Department made no attempt to distinguish those students when formulating these charges or requested penalties.

Dygert Road School, Twin Mountain School, and
Shady Lane School

- The Respondents were deprived of a reasonable opportunity to understand what the November 23, 2021 audits would be assessing (all immunization records rather than information regarding susceptible students.)

- The Department's determination that only fully immunized students would be deemed compliant with immunization requirements is a clear departure from applicable law.

- The Respondents were not presented with a reasonable opportunity to show compliance with requirements since the Department required submission of information by email only.

- The evidence fails to support the Department's representation that a stipulation and order accompanied the hearing notices and statements of charges. Mailing affidavits at the hearing specifically attest to including stipulations in those notices, but the Department did not produce the stipulations.

- The Department's calculations purporting to justify its proposed fine were poorly supported by specific facts, relying instead largely on assumptions and estimates in order to arrive at a six-figure fine for three small schools, with total enrollment far below 100 students. Consequently, the Department has not provided an intelligible basis for its penalty demand.

The Department's stated concern for overburdening the public health system (Recording @ 2:02:50), which the Respondents do not utilize, cannot override its obligation to provide adequate notice and reasonable opportunity to comply. Those obligations extend to all citizens of the State of New York subject to enforcement

17

Dygert Road School, Twin Mountain School, and
Shady Lane School

proceedings.  For these reasons, it is recommended that no penalty be imposed on the

Respondents.

## **RECOMMENDATION:**

1.  Charge 1 should be sustained with respect to Dygert Road School.

2.  No penalty should be imposed against Dygert Road School.

3.  Charge 1 should be sustained with respect to Twin Mountain School.

4.  No penalty should be imposed against Twin Mountain School.

5.  Charge 1 should be sustained with respect to Shady Lane School.

6.  No penalty should be imposed against Shady Lane School.


DATED:        May 25, 2022
              Menands, New York

_Natalie Bordeaux_
_____
              Natalie J. Bordeaux
              Administrative Law Judge