# Exhibit F



**NEW YORK STATE OF OPPORTUNITY.** | **Department of Health**

**KATHY HOCHUL**
Governor

**MARY T. BASSETT, M.D., M.P.H.**
Commissioner

**KRISTIN M. PROUD**
Acting Executive Deputy Commissioner

December 20, 2022

**CERTIFIED MAIL/RETURN RECEIPT REQUESTED**

Vanessa Murphy, Esq.
NYS Department of Health
Corning Tower Room 2412
Empire State Plaza
Albany, New York 12237

Ezra Wengerd
139 H. Jones Road
Canajoharie, New York 13317

    RE:  **In the Matter of Dygert Road School,
          Pleasant View School (a/k/a) Twin Mountain School
          and Shady Lane School
          Order # MISC-22-019**

Dear Parties:

    Enclosed is a final executed copy of the Order in the above referenced matter.

    Please reference the Case Name **AND** Order Number on all future correspondence regarding this matter.

**MAIL PAYMENT TO**

    New York State Department of Health Bureau
    of Accounts Management
    Corning Tower Building-Room 2748
    Empire State Plaza
    Albany, New York 12237

Payment of the civil penalty shall be made within thirty (30) days of the date of this letter.

Any civil penalty not paid by the date prescribed herein shall be subject to all provisions of law relating to debt collection by the State of New York. This includes, but is not limited to, the imposition of interest, late payment charges and collection fees; and non renewal of permits or licenses (Tax Law §171(27); State Finance Law §18; CPLR §5001; Executive Law §32).

This is a final Order. Judicial review of this decision is through Article 78 of the CPLR.

Sincerely,

*Natalie J. Bordeaux*

Natalie J. Bordeaux
Chief Administrative Law Judge
Bureau of Adjudication

NJB:nm

Enclosure

Case 1:23-cv-00484-EAW   Document 1-6   Filed 06/02/23   Page 4 of 7

STATE OF NEW YORK      :       DEPARTMENT OF HEALTH
-------------------------------------------------------------------------------X

In the Matter of                                             :

Mary T. Bassett, M.D., M.P.H., Commissioner
of Health of the State of New York, to determine the action to    :    
be taken with respect to:
                                                             :

    Dygert Road School,                          :       ORDER
    Pleasant View School (a/k/a)Twin Mountain School   :    MISC-22-019
    and Shady Lane School,
                                                             :

                           Respondents
                                                             :

In a proceeding arising out of alleged violations of Article 21 of
the Public Health Law and Title 10, NYRR 10                  :
-------------------------------------------------------------------------------X

       A notice of hearing and a statement of charges were served on Dygert Road School, Twin Mountain School, and Shady Lane School (Respondents). The statement of charges alleges that the three Respondents admitted students and allowed those students to attend the respective schools for more than fourteen days without documentation that they were fully vaccinated or a signed medical exemption form completed by a physician, in violation of PHL Section 2164(7)(a) and 10 NYRR §§ 66-1.3 and 66-1.4.

       On May 2, 2022, Administrative Law Judge Natalie Bordeaux (ALJ) held a hearing on these charges via WebEx. The Department appeared by Vanessa Murphy, Esq. The Respondents were represented by Ezra Wengerd. Evidence was received, witnesses were sworn and examined, and a digital recording of the proceeding was made.

       On May 25, 2022, the ALJ issued her Report and Recommendation. The ALJ concluded that the Department met its burden of proof and recommended that the Commissioner sustain the charges against each Respondent, but recommended that no monetary penalty be imposed for the violations. The Department submitted Exceptions.

After reviewing the ALJ's Report and the entire record in this case, I adopt the ALJ's recommendation to sustain the charges against each of the Respondent schools, but reject her recommendation to impose no civil penalty for the reasons stated in the Department's Exceptions.

The ALJ asserts that no civil penalty is appropriate because it is "unclear whether Respondents were given a proper opportunity to respond."[1] As more fully explained in the Department's Exceptions, these arguments are unsupported by the record. More importantly, they are not arguments advanced by the Respondents themselves. The Respondents testified that they were aware of the legal requirements but intend not to comply because of an irreconcilable conflict between their religious beliefs and PHL §2164.

The Department does not doubt the genuineness of the Respondents' religious assertions. However, to impose no penalty would be contrary to public policy, the Department's mission, and the clear intent of the State legislature, as affirmed by the Courts. In 2019, in response to a nationwide measles epidemic, the Legislature amended PHL § 2164 to remove the religious exemption, leaving medical exemptions as the only exception to the school immunization requirements in the statute.[2] The Supreme Court, Third Department, upheld the amendment against a constitutional challenge in FF v. State, 194 AD3d 80, (2021) *aff'd, 37 N.Y.3d 1040 (2022).* [3] As the State's public health agency, the Department is obligated to enforce this law,

---

[1] ALJ's Report at 14 and 15.
[2] Laws of 2019, Chapter 35.
[3] The Court found that the amendment, which also narrowed the medical exemption was "a rule of general applicability driven by public health concerns and not tainted by hostility toward relgion. . . . It is well-settled that the right of free exercise of religion does not relieve an individual of the obligation to comply with a valid and

2

and the Department's sole means of enforcement is imposition of a civil monetary penalty on schools that fail to comply.

To impose no monetary sanctions in this case on schools that have admitted to violating the statute would encourage other schools to ignore the law's requirements and assert a religious exemption. It would put the Department in the position of nullifying a duly enacted statute, in violation of the doctrine of separation of powers embodied in New York State's Constitution, and failing to carry out its vital purpose of protecting the health of all New Yorkers.

The penalties requested by the Department are principled and conservative under the circumstances. Respondents have not argued that they cannot not afford them.

**NOW**, on reviewing the record herein and the ALJ's Report, I hereby adopt the ALJ's finding that the Department met its burden of proof and her recommendation to sustain the charges, but reject her recommendation to impose no monetary penalties for the reasons stated in the Department's exceptions.

**IT IS HEREBY ORDERED**:

1. Charge 1 against Dygert Road School is SUSTAINED.

2. A civil penalty of $52,000 is imposed against Dygert Road School.

3. Charge 1 against Pleasant View/Twin Mountain School is SUSTAINED.

4. A civil penalty of $46,000 is imposed against Pleasant View/Twin Mountain School.

5. Charge 1 against Shady Lane School is SUSTAINED.

---

neutral law of general applicabilitiy on the ground that the law proscribes (or prescribes) conduct that [one's] religion prescribes (or proscribes)." Id. at 84.

3

6. A civil penalty of $20,000 is imposed against Shady Lane School.

7. This Order shall be effective upon service on the Respondents by personal service or by registered or certified mail as required under PHL §12-a(4).

Dated:   Albany, New York

Dec. 15, 2022

BY: *Mary T. Bassett*
Mary T. Bassett, M.D., M.P.H.
Commissioner of Health

TO: Vanessa Murphy, Esq.
Bureau of Administrative Hearings
New York State Department of Health
Corning Tower, Room 2412
Empire State Plaza
Albany, New York 12237-0026

Ezra Wengerd
139 H. Jones Road
Canajoharie, New York 13317

4