UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOSEPH MILLER, individually and on behalf of his minor children attending an Amish School in Clymer and as a board member of that school; EZRA WENGERD, as a representative of all Amish schools in the State of New York; JONAS SMUCKER, individually and on behalf of his minor children; DYGERT ROAD SCHOOL, PLEASANT VIEW SCHOOL a/k/a TWIN MOUNTAIN SCHOOL, SHADY LANE SCHOOL

       Plaintiffs,

vs.

DR. JAMES V. MCDONALD, in his official capacity as Commissioner of Health of the State of New York, and DR. BETTY A. ROSA, in her official capacity as Commissioner of Education of the State of New York

       Defendants.

Case No. 23-cv-00484-EAW

---

# MEMORANDUM OF LAW IN FURTHER
# SUPPORT OF DEFENDANTS' MOTION TO DISMISS

LETITIA JAMES
Attorney General of the State of New York
DANIEL R. MAGUIRE
DENETRA D. ROBERTS
Assistant Attorney General, of Counsel
Main Place Tower, Suite 300A
350 Main Street
Buffalo, New York 14202
Tel: (716) 853-8400

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

POINT I  *WE THE PATRIOTS* FORECLOSES PLAINTIFFS' FREE EXERCISE CHALLENGE.................................................................................................. 2

POINT II  THERE ARE NO CONSTITUTIONALLY SIGNIFICANT DISTINCTIONS BETWEEN NEW YORK AND CONNECTICUT'S MANDATORY VACCINE REGIMES ........................................................................................................... 4

    A.  New York did not express any hostility to religious beliefs when enacting PHL § 2164 ..................................................................................................................... 4

    B.  PHL § 2164 does not provide for discretionary medical exemptions ..................... 5

    C.  PHL § 2164 is not substantially underinclusive ...................................................... 7

POINT III  PLAINTIFFS' CHARACTERIZATION OF THEIR CHALLENGE TO PHL § 2164 AS AN "AS-APPLIED" CHALLENGE DOES NOT CHANGE THE CONSTITUTIONAL ANALYSIS ..................................................................... 9

CONCLUSION ............................................................................................................................ 10

## TABLE OF AUTHORITIES

**Cases**

*Church of Lukumi Babalu Aye, Inc. v. City of Hialeah*,
  508 U.S. 520 (1993) .................................................................................................. 10

*Employment Div., Dept. of Human Resources of Oregon v. Smith*,
  494 U.S. 872, 878-79 (1990) ..................................................................................... 10

*F.F. v. State of New York*,
  194 A.D.3d 80, 88 (3d Dep't 2021) ......................................................................... 3, 4

*We the Patriots USA Inc. v. Hochul*,
  17 F.4th 266, 288-89 (2d Cir. 2021) ............................................................................. 6

*We the Patriots USA, Inc. v. Conn. Office of Early Childhood Dev.*,
  2023 WL 4982325 (2d Cir. Aug. 4, 2023) ........................................................... passim

**Statutes**

10 N.Y.C.R.R. § 66-1.3 ....................................................................................................... 5

Conn. Public Act 21-6 § 1.................................................................................................... 5

Public Health Law § 2164.......................................................................................... 1, 3, 5, 6

Dr James V. McDonald, in his official capacity as Commissioner of the New York State Department of Health ("DOH"), and Dr. Betty Rosa, in her official capacity as Commissioner of the New York State Education Department ("SED") (collectively, "Defendants'), submit this Memorandum of Law in Further Support of Defendants' Motion to Dismiss.

## **PRELIMINARY STATEMENT**

In August, the Second Circuit issued a decision in *We the Patriots USA, Inc. v. Conn. Office of Early Childhood Dev.*, 2023 WL 4982325 (2d Cir. Aug. 4, 2023) ("*We the Patriots*") upholding Connecticut's repeal of the religious exemption to its mandatory vaccine regime for children attending public and non-public schools. That decision simplifies the Court's task here. This Court need only confirm that there are no material distinctions between Connecticut and New York's mandatory vaccine regimes to justify a different result than *We the Patriots*. As discussed below, there are no such distinctions and this precedent therefore compels dismissal.

In *We the Patriots*, the Second Circuit—implicitly or explicitly—rejected many of Plaintiffs' arguments. Relying on conclusory statements and arguments raised for the first time in their response to this motion, Plaintiffs grasp to distinguish New York's mandatory vaccine regime from Connecticut's on the following basis: (1) New York expressed hostility to religious beliefs when amending Public Health Law ("PHL") § 2164; (2) by providing for "discretionary" medical exemptions, PHL § 2164 provides a mechanism for individualized exemptions; and (3) PHL § 2164 is substantially underinclusive because it does not regulate (a) unvaccinated adults in schools, (b) unvaccinated homeschooled children, (c) unvaccinated adults and children outside school; (d) diseases not requiring vaccinations; and (e) New York grants functional exemptions to non-Amish schools by not enforcing PHL § 2164. These distinctions, to the extent they exist, are not constitutionally significant. Therefore, PHL § 2164 is subject to a rational basis review and should be deemed constitutional.

## ARGUMENT

### POINT I
### *WE THE PATRIOTS* FORECLOSES PLAINTIFFS' FREE EXERCISE CHALLENGE

In *We the Patriots*, the Second Circuit considered "whether a State that has for many years exempted religious objectors from its vaccination requirements for students…violates the Free Exercise Clause…by repealing that exemption to protect the public health and safety." *We the Patriots*, 2023 WL 4982325, at *1. The Second Circuit held it did not.

First, the Second Circuit held that Connecticut's vaccination law was neutral. It found that neither the vaccination law nor the process of its enactment demonstrated hostility towards religion. Similar to New York, the vaccination law was debated "vigorously," however plaintiffs, like those herein, failed to identify any "specific expressions of animus." *Id.* at *11. The Second Circuit also rejected plaintiffs' argument "that repealing any existing religious exemption is hostile to religion per se." *Id.* at *12.

Second, the Second Circuit found that the vaccination law's medical exemption did "not provide a mechanism for individualized exemptions." *Id.* at *13 (internal quotations removed). Connecticut's vaccination law provided that a student shall be exempt if the student "presents a certificate…from a physician, physician assistant or advanced practice registered nurse stating that in the opinion of such physician, physician assistant or advanced practice registered nurse such immunization is medically contraindicated because of the physical condition of the child." *Id.* The Court concluded that medical exemptions were "mandatory and framed in objective terms" because where a "law provides for an objectively defined category of people to whom the vaccination requirement does not apply, including a category defined by medical providers' use of their professional judgment, such an exemption affords no meaningful discretion to the State." *Id.* (internal quotations omitted).

2

Third, the Court concluded that the vaccination law was not substantially underinclusive. In reaching that conclusion, the Second Circuit recognized that "protect[ing] the health and safety of Connecticut's schoolchildren" was a legitimate government interest and not framed at an inappropriately high level of generality. *Id.* at *14. The Second Circuit then held that the vaccination law served this legitimate interest because the law promoted the health and safety of vaccinated and unvaccinated students by decreasing, to the "greatest extent medically possible, the number of unvaccinated students." *Id.* at *16.

Because the vaccination law contained no trace of hostility toward religion, did not provide for a system of individualized exemptions, and was not substantially underinclusive, the Second Circuit found it neutral and generally applicable—and subject to rational basis review. Applying rational basis review, the Second Circuit concluded the vaccination law easily passed constitutional muster. *Id.* at 18. The same result should be reached in this instance because there are no material distinctions between the New York law and Connecticut's.

Here, as explained in more detail below, PHL § 2164 is nearly identical to Connecticut's vaccination law as it allows an exemption only for medically contradicted immunizations. *See infra* Pt. II. To the extent there are differences, those differences are minor and have no constitutional import. Accordingly, *We the Patriots* forecloses Plaintiffs' free exercise challenge to—PHL § 2164.

Notably, the Second Circuit relied heavy upon the rationale used by New York's Third Department in *F.F. v. State of New York*, 194 A.D.3d 80, 88 (3d Dep't 2021) in its analysis and in reaching its ultimate determination. *See generally Id*. There, the Third Dept. upheld New York's amendment of PHL § 2164 to remove the religious exemption.

3

## POINT II
## THERE ARE NO CONSTITUTIONALLY SIGNIFICANT DISTINCTIONS BETWEEN NEW YORK AND CONNECTICUT'S MANDATORY VACCINE REGIMES

In an attempt to distinguish New York's and Connecticut's vaccination laws, Plaintiffs identify three "distinctions" between the two laws and their legislative history. These alleged distinctions are either non-existent or without constitutional import. Accordingly, this Court should follow *We the Patriots* and find PHL § 2164 constitutional.

**A.   New York did not express any hostility to religious beliefs when enacting PHL § 2164**

Plaintiffs argue that, in amending PHL § 2164 to exclude the religious exemption, New York expressed hostility toward religious beliefs and that the proffered justifications for said change were merely pretext. (Dkt. No. 28, 17, n.8). As discussed in *We the Patriots*, New York's Third Department—in a comprehensive opinion—already rejected Plaintiffs' claim that the subject repeal was motivated by active hostility towards religion. *See F.F. v. State of New York*, 194 A.D.3d 80, 88 (3d Dep't 2021), cert. denied, ––– U.S. –––, 142 S. Ct. 2738, 212 L.Ed.2d 797 (2022). There, plaintiffs alleged that the amendment was not a neutral law:

> first, that the Legislature failed to act during the height of the measles outbreak, asserting that the timing of the legislation undermines the public health concerns it relied upon in adopting the repeal; second, that, despite multiple requests from plaintiffs and others in the six months between the proposal of the bills and their adoption, no public hearings were held on the matter; and third, that the alleged religious animus is reflected in certain statements made by some of the legislators.

The Third Department rejected all three arguments in upholding the constitutionality of PHL § 2164. *See Id.* at 87 ("we reject plaintiffs' claims that, based upon statements by some of the legislators, the repeal was motivated by religious animus). Here, Plaintiffs have made no new arguments or identified any new evidence that should persuade this Court to reject the Third Department's conclusion.

4

B.   **PHL § 2164 does not provide for discretionary medical exemptions**

Plaintiffs primarily attempt to distinguish Connecticut's mandatory vaccine law from PHL § 2164 by asserting that New York allows for "discretionary" medical exemptions while Connecticut does not. Dkt. No. 28, 17. Plaintiffs make two arguments to support this assertion. First, Plaintiffs argue that under PHL § 2164 medical providers have more discretion to provide medical exemptions because medical providers can rely on subjective criteria in issuing the medical exemption. *Id.* at 21. Second, Plaintiffs argue that school administrators under PHL § 2164 have "independent and personalized discretion to override a physician's medical recommendation," which does not exist under the Connecticut law. *Id.* at 19-20. Both arguments fail.

First, there is no distinction between the amount of discretion given to medical providers under the New York and Connecticut mandatory vaccine laws. Both provide for a medical exemption only when a specific immunization is specifically contraindicated:

| **Conn. Public Act 21-6 § 1(a)(2)** | **10 N.Y.C.R.R. § 66-1.3(c)** |
|---|---|
| A student shall be exempt upon presentation of a certificate "from a physician, physician assistant or advanced practice registered nurse stating that in [their] opinion such immunization is medically contraindicated because of the physical condition of such child." | A student shall be exempt upon "a physician… certifying that immunization may be detrimental to the child's health, containing sufficient information to identify a medical contraindication to a specific immunization and specifying the length of time the immunization is medically contraindicated." |

Plaintiffs attempt to make headway by pointing out that 10 N.Y.C.R.R. § 66-1.3(c) provides that a physician need only certify that immunization *may* be detrimental to the child's health. Dkt. No. 28, 19. But "may be detrimental to the child's health" is a defined term meaning that "a physician has determined that a child has a medically contraindication or precaution to a specific immunization consistent with ACIP guidance or other nationally recognized evidence-based

5

standard of care."[1]  10 N.Y.C.R.R. § 66-1.1(m).  Ultimately, both New York and Connecticut's vaccination laws allow a medical exemption for an objectively defined category of people—individuals who, in a medical providers' professional judgment, have a medical contraindication for a specific immunization.  The Second Circuit has held that such an exemption for an objectively defined category, even a category defined by medical providers' use of their professional judgment "affords no meaningful discretion to the State."  *We the Patriots*, 2023 WL 4982325, at *13.

Second, under PHL § 2164, school administrators do not have boundless and unlimited discretion to accept or deny medical exemptions.  Instead, their discretion is limited to confirming that the physician's certification properly demonstrated that a child has a medical contraindication or precaution to a specific immunization consistent with ACIP guidance or other nationally recognized evidence-based standard of care.  *See* Dkt. No. 25-3, ¶¶ 39-40.  This limited discretion serves an important purpose—it is intended to prevent physicians from providing invalid medical exemptions to families who are seeking to avoid school vaccination requirements and are not supported by nationally recognized evidence-based standards of care.  *Id.* at ¶ 34.  Because the school administrator is merely confirming that the physician determined the child was medically contraindicated to a specific immunization consistent with ACIP or nationally recognized evidence-based standards of care, it "provides for an objectively defined category of people to whom the vaccination requirement does not apply."  *See We the Patriots USA Inc v. Hochul*, 17

---

[1] Plaintiffs claim that New York's reliance on "ACIP guidance" for determining whether a vaccination is contraindicated means PHL § 2164 relies upon subjective, rather than objective, criteria for granting a medical exemption.  Dkt. No. 28, 2-3.  The Second Circuit, however, previously held that New York's reliance on "ACIP guidance" for determining whether a vaccine was contraindicated for healthcare workers did not cause that regulation to have a system of individualized exemptions.  *See We the Patriots USA Inc. v. Hochul*, 17 F.4th 266, 288-89 (2d Cir. 2021).

6

F.4th at 289. The school administrators limited discretion does not allow "the government to decide which reasons for not complying with the policy are worthy of solicitude."[2] *Id.*

### C.     PHL § 2164 is not substantially underinclusive

Plaintiffs argue that PHL § 2164 is substantially underinclusive because (1) New York's purported interests in justifying PHL § 2164 are overly broad and illegitimate (Dkt. No. 28, 25) and (2) New York allows "comparable secular activities" (Dkt. No. 28, 26). These arguments fail in light of *We the Patriots*.

In *We the Patriots*, the Second Circuit held that Connecticut's interest in "protect[ing] the health and safety of Connecticut students and the broader public" was a legitimate public interest that was not overly broad. The Second Circuit concluded that "from the consistency of defendants' assertions [] there [was] no cause to fear that Connecticut … ha[d] 'restated the State's interests…at an artificially high level of generality to sidestep the general applicability requirement.'" *We the Patriots*, 2023 WL 4982325, at *14 (quoting *Does 1-3 v. Mills*, 142 S. Ct. 17, 20 (2021) (Gorsuch, J., dissenting). Here, New York has asserted similar interests. To justify PHL § 2164, New York asserted two related goals: (1) protect the health of children while they are physically present in the school environment and (2) protect the health of the public at large against disease outbreaks both in and outside schools. *See* Dkt. No. 25-1, 35-36. These interests are nearly identical to those asserted by Connecticut—and approved by the Second Circuit—in justifying its mandatory school vaccine regime. Accordingly, New York has asserted appropriate justifications for PHL § 2164.

---

[2] Because New York's vaccine regime provides a mechanism for reviewing a physician's determination that a child was medically contraindicated for a specific immunization, New York's medical exemption is narrower than Connecticut's medical exemption. Thus, PHL § 2164 is more generally applicable than Connecticut's vaccine regime.

Plaintiffs claim PHL § 2164 is substantially underinclusive because New York allows the following comparable secular activities: (1) unvaccinated adults in schools, (2) unvaccinated homeschooled children, (3) unvaccinated adults and children outside school; and (4) diseases not requiring vaccinations.  This too fails under *We the Patriots*.  First, New York, like Connecticut, does not regulate unvaccinated adults in schools, unvaccinated homeschooled children,[3] and unvaccinated adults and children outside school.  *See generally* C.G.S.A. § 10-204a.  Second, New York largely requires the same vaccinations as Connecticut.  Specifically, both Connecticut and New York require vaccinations for Measles, Rubella, Poliomyelitis, Mumps, Diphtheria, Tetanus, Pertussis, Hepatitis B, Hib, Varicella, Pneumococcal disease, and Meningococcal disease.  *Compare* CT ADC § 10-204a-2a *with* PHL § 2164.[4]  Despite Connecticut's vaccine regime not regulating unvaccinated adults in schools, unvaccinated homeschooled children, unvaccinated adults and children outside school, and every disease for which there is an available vaccine, the Second Circuit still found Connecticut's vaccine regime sufficiently tailored to achieving Connecticut's goal of protecting the health and safety of Connecticut's school children and the broader public.  Therefore, this Court should reach the same conclusion for New York.

Plaintiffs, now, for the first time, also argue that PHL § 2164 is not generally appliable because New York is granting "functional exemptions, due to lax enforcement, to an estimated 97,900 CVL non-compliant schoolchildren who have not claimed any exemption."  Dkt. No. 28, 26.  This argument fails.  New York is not granting functional exemptions.  Indeed, Plaintiffs' Complaint in this matter is largely focused on DOH's enforcement.  As explained by Dr. Blog, "[s]chools are expected to comply with all applicable statutes and regulations regarding

---

[3] While New York does not require homeschooled children to be vaccinated, unvaccinated homeschooled children are not permitted to attend state tests, attend classes at nonpublic school, or ride school transportation.  *See* New York Department of Health FAQs, *https://www.health.ny.gov/prevention/immunization/schools/school_vaccines /docs/2019-08_vaccination_requirements_faq.pdf*  (last visited September 7, 2023)
[4] Connecticut unlike New York requires vaccination for Hepatitis A.  *See* CT ADC § 10-204a-2a

8

vaccination requirements for its students; the audit system is a 'check' on [the] expectation that all schools in the State are following the law." (Dkt. No. 25-3, 27). By failing to comply with PHL § 2164, schools enrolling unvaccinated children risk punishment and fines if their school is chosen for an audit. That New York has not historically audited every school every year does not indicate that it is granting "functional exemptions" to students attending schools without the required vaccinations.

### POINT III
### PLAINTIFFS' CHARACTERIZATION OF THEIR CHALLENGE TO PHL § 2164 AS AN "AS-APPLIED" CHALLENGE DOES NOT CHANGE THE CONSTITUTIONAL ANALYSIS

In a final attempt to try and distinguish themselves from the litigants in *We the Patriots*, Plaintiffs claim that their challenge to PHL § 2164 is an "as-applied" challenge through which Plaintiffs seek only a religious exemption for themselves.[5] *See* Dkt. No. 28, 16, 20, 22-26. Through this argument, Plaintiffs attempt to change the standard for demonstrating general applicability.

While the test for general applicability usually looks at the overall scope of a challenged policy to determine whether it is substantially underinclusive or [overbroad] at achieving its stated objective, Plaintiffs claim that the general applicability of the vaccine law should be assessed by whether a religious exemption for these Plaintiffs would cause comparable harm to the medical exemption (and other allegedly "comparable" secular activities). This is non-sensical. The question is not whether DOH could safely allow these individual plaintiffs to remain unvaccinated—just as, in *Smith*, it would have been immaterial whether the two individual

---

[5] In their briefing, Plaintiffs seem to insinuate that Defendants failed to address Plaintiffs' selective enforcement claim. Dkt. No. 28, 35. But Plaintiff's never made a First Amendment selective enforcement claim. Plaintiffs' claim has always been that PHL § 2164 is unconstitutional. Plaintiffs have not argued or alleged (either directly or in the alternative) that PHL § 2164 is constitutional but the State has selectively enforced PHL § 2164 against them. To do so, Plaintiffs would need to identify similarly situated comparators, which Plaintiffs have not even attempt to do. *See TAL Properties of Pomona, LLC v. Village of Pomona*, 2019 WL 3287983, at * 7 (S.D.N.Y. Jul. 22, 2019).

9

plaintiffs could have been safely exempted from Oregon's controlled-substance law. *Employment Div., Dept. of Human Resources of Oregon v. Smith*, 494 U.S. 872, 878-79 (1990). Rather, the question is whether the vaccination law "impose[s] burdens only on conduct motivated by religious belief," *Church of Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 543 (1993), or instead treats claims for religious exemption the same as other comparable exemption claims. That inquiry necessarily looks beyond the facts of these individual Plaintiffs.

Indeed, under Plaintiffs' conception of the general applicability test, states would almost never be able to demonstrate that a law is generally applicable because an exemption for a single individual or small group of individuals is almost always going to have a negligible effect on the state's stated objectives.

## **CONCLUSION**

For the foregoing reasons, the Court should deny Plaintiffs' Motion for a Preliminary Injunction and grant Defendants' Motion to Dismiss.

Dated: September 8, 2023
Buffalo, New York

                    LETITIA JAMES
                    Attorney General of the State of New York
                    Attorney for Defendants

                    BY: /s/ *Daniel R. Maguire*
                    DANIEL R. MAGUIRE
                    DENETRA D. ROBERTS
                    Assistant Attorney General, of Counsel
                    Main Place Tower, Suite 300A
                    350 Main Street
                    Buffalo, NY 14202
                    (716) 853-8400
                    Daniel.Maguire@ag.ny.gov
                    Denetra.Roberts@ag.ny.gov